UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN M.,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 22-cv-02692-JSC<br><br>**ORDER REMANDING FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. Nos. 21, 22, 23 |

 Plaintiff filed this lawsuit seeking judicial review of the final decision by the Commissioner of Social Security denying her claim for Social Security benefits for a combination of mental impairments, including post-traumatic stress disorder (PTSD), adjustment disorder with depressed mood, and major depressive disorder.  On February 14, 2023, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion, and ordered the parties to submit supplemental briefing on the question of the scope of remand.  (Dkt. No. 21.)  Having reviewed the parties' supplemental submissions, the Court concludes remand for further proceedings consistent with the Court's February 14, 2023 Order is the appropriate remedy.

 Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, a court may remand for an immediate award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (discussing

Case 3:22-cv-02692-JSC   Document 24   Filed 03/30/23   Page 2 of 3

the "credit-as-true" rule).

In her motion for summary judgment, Plaintiff asked the Court to remand "because further proceedings are necessary to accurately determine [Plaintiff's] entitlement to benefits pursuant to Title II." (Dkt. No. 10 at 17.) In her reply, Plaintiff requested remand for an award of benefits and/or further proceedings. (Dkt. No. 17 at 9.) In granting summary judgment in Plaintiff's favor, the Court concluded remand for an award of benefits seemed particularly appropriate here given the ALJ had ignored the Court's prior remand order. (Dkt. No. 21 at 13.) However, because it was unclear whether the Court could remand for an award of benefits, where, as here, the ALJ's analysis only proceeded through step two, the Court asked the parties to submit supplemental briefing. (*Id.*)

Generally, a finding of a severe impairment at step two just requires the ALJ to proceed to the next step in the sequential analysis, but not that the ALJ find the claimant disabled. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (holding the step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability."). Plaintiff's briefing does not address the procedural question of how the credit-as-true operates if, when applied, it would result in a finding of a severe impairment at step 2. (Dkt. No. 22 at 3.) Instead, Plaintiff argues the ALJ would be required to find her disabled because a finding of a severe impairment at step two means she would have a listed impairment, but Plaintiff does not identify the listing or otherwise explain this reasoning. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (holding plaintiff bears the burden of establishing she meets a listing).

As the Commissioner notes, even if the ALJ had concluded Plaintiff had a severe impairment, under the regulations, he would then have been required to assess the degree of functional limitation resulting from the claimant's mental impairment before he could find that the severity of the claimant's mental impairment met or equaled the severity of a listed mental impairment such that she was disabled. *See* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920a(b)(2), 416.920a(c)(3). Given these further procedural requirements, the Court cannot say that even if the ALJ had credited the improperly discredited evidence as true and found Plaintiff had a severe

impairment at step two, the ALJ would then have been required to find her disabled at step three or elsewhere in the sequential process. The record must be further developed. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir.2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

The Court is, however, concerned by the ALJ's pattern of ignoring the Court's orders on remand. The issues which compelled the Court to grant Plaintiff's first motion for summary judgment—the ALJ's treatment of Dr. Dixit's opinion and the VA's finding of 100 percent total and permanent disability—are the **same** issues the Court previously remanded on. *Compare Lauren E. M. v. Saul*, No. 19-CV-01983-JSC, 2020 WL 6562323 (N.D. Cal. Nov. 9, 2020) *with* Dkt. No. 21 (Feb. 14, 2023 Order). While the ALJ advanced (some) different reasons, the ALJ's reasons were again not supported by substantial evidence. "Obduracy[, however,] is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005). The Court thus remands with instructions to conduct further proceedings consistent with its February 14, 2023 Order.

This Order disposes of Docket Nos. 22 and 23.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: March 31, 2023

JACQUELINE SCOTT CORLEY
United States District Judge